IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JESSE ANDERSON STROUD, JR.,

    **Plaintiff**      :     **CIVIL NO. 3:CV-13-2378**

    **v.**      :     **(Judge Caputo)**

**MR. BROCKLEHURST, et al.,**

    **Defendants**      :

## M E M O R A N D U M

### I. Introduction

Jesse Anderson Stroud, Jr., a state inmate presently housed at the Benner State Correctional Institution (SCI-Benner), in Bellefonte, Pennsylvania filed this *pro se* civil rights action challenging the following Pennsylvania Department of Corrections (DOC) and Pennsylvania Board of Probation and Parole (the Board) employee's refusal to release him on parole following the Board's May 9, 2009 grant of parole: Mr. Brocklehurst; Mr. Wint; Ms. Asbury; Mr. Applegarth; Dr. Woods; CO Snyder; CO Gerber; Lt. Matthews; Counselor Foust; Warden Harlow and Mr. Tompson. (Doc. 5, Compl.) As relief, Mr. Stroud seeks his immediate release to a CCC and monetary damages.

The Complaint is before the court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). Upon screening the Complaint, the court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) due to Mr. Stroud's failure to state a claim on which relief may be granted.

## II.    Background

On May 9, 2009, the Board granted Mr. Stroud parole. Since then he has repeatedly requested defendants to place him in a specialized CCC[1] in Region I (Philadelphia). (Doc. 5, ECF p. 26.) On August 16, 2011, an application for Mr. Stroud's CCC placement was submitted. Unfortunately, it was rejected on October 24, 2011. Defendants have told Mr. Stroud that because he is a convicted sex offender he "is required to have an approved home plan[2] prior to being submitted for release to a Center." (Id., ECF p. 20.) Mr. Stroud contends this is "contrary to [his] Parole Sheet Decision." (Id.) Mr. Stroud remains incarcerated today.

As relief, noting that his "max out" date is September 30, 2023, Mr. Stroud seeks the court to "vacate ... the ten years left on [his] thirty year sentence" and his immediate placement in a CCC. (Id., ECF p. 26.) He also seeks compensatory damages for pain and suffering.

## III.    Standard of Review

When a litigant seeks to proceed in forma pauperis, without the prepayment of fees, 28 U.S.C. § 1915, requires the court to screen a complaint. Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding in forma pauperis or not, the court is mandated to screen the complaint.

---

[1] A Community Corrections Center is a DOC owned or contracted facility that houses parolees and inmates who have been granted pre-release. (Id., ECF p. 13.)

[2] A "home plan" is a prospective parolee's plan for where he will live following either his release from prison or the end of his residency in a CCC. (Id., ECF p. 13.)

*See* 28 U.S.C. § 1915A. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)(citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008))

Pursuant to Fed. R. Civ. P. 8(a), a complaint need only "include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." "[T]he factual allegations of a complaint 'must be enough to raise a right to relief above the speculative level' and the complaining party must offer 'more than labels and conclusions' or 'formulaic recitation of the elements of a cause of action.'"

*W. Run Student Hous. Assocs., LLC. v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Legal conclusions are "not entitled to the assumption of truth." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Finally, we note that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Philips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

## IV.     Discussion

### 1.     Alleged Civil Rights Violation

To the extent Mr. Stroud seeks monetary compensation for the alleged violation of his constitutional rights as he remains incarcerated after the Board granted him parole, he fails to state a claim for which relief may be granted. Although he does not so specify, the court construes this claim as an alleged

-4-

violation of a protected liberty interest as implicating the Due Process Clause of the

Fourteenth Amendment.

It is well settled that "[t]here is no constitutional or inherent right of a

convicted person to be conditionally released before the expiration of a valid

sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Facility*, 442 U.S. 1,

7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Jago v. Van Curen*, 454 U.S. 14, 21,

102 S.Ct. 31, 36, 70 L.Ed.2d 13 (1981)(per curiam).  Additionally, the "mere grant of

parole by a state parole board does not vest a prisoner with a protected liberty

interest." *Josey v. Pennsylvania Bd. of Probation and Parole*, Civ. No. 1:13-CV-

0043, 2014 WL 310448 (M.D. Pa. Jan. 28, 2014)(citing *Jago*, 454 U.S. at 21, 102

S.Ct. at 36).  Only when the prisoner attains the status of  "parolee," does a liberty

interest attach requiring a minimum level of due process protection prior to the

revocation of that status.  *See Greenholtz*, 442 U.S. at 9, 99 S.Ct. at 2105;

*Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).  In

Pennsylvania, a grant of parole is not executed until the prisoner signs the

acknowledgment of parole conditions, Board form PBPP–11, and the Board issues

its parole release order, Board form PBPP–10.  *Green v. Commonwealth*

*Pensylvania Bd. of Probation & Parole*, 1010 Pa. Commw. 132, 134, 515 A.2d 1006,

1008 (Pa. Commw. Ct. 1986).

In this instance, Mr. Stroud does not allege he was granted parole and then it

was improperly revoked.  Rather he contends that he was granted parole but never

released due to defendants' unwillingness to place him in a CCC without a home

plan. Based on Mr. Stroud's averments, and the attachments to his Complaint, it does not appear that Mr. Stroud has yet attained the status of a "parolee," as there is no indication that the Board's May 9, 2009 grant of parole was ever executed. Thus, as Mr. Stroud has not yet obtained the status of "parolee," he does not have a liberty interest in parole, or his release from prison prior to the expiration of his sentence. Accordingly, Mr. Stroud has failed to assert a claim on which relief may be granted.

### 2. Request for Habeas Relief

A habeas petition, rather than a civil rights action under § 1983, is the proper means for an inmate to challenge the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). Thus, to the extent that Mr. Stroud is challenging his continued incarceration on the basis of defendants' failure to abide by the Board's May 9, 2009, parole order, he must pursue that claim in a habeas corpus action, and not in a civil rights case.

### V. Conclusion

In this case, the Mr. Stroud, fails to state a claim upon which relief may be granted. Moreover, based on the claims asserted by Mr. Stroud, as well as the relief he is seeking (i.e. his release from prison), his sole federal remedy is a writ of habeas corpus and not a civil rights action. Therefore, allowing Mr. Stroud leave to amend his present Complaint would be futile.

-6-

An appropriate Order follows.


/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: April 30, 2014**